Filed 3/16/22  P. v. Olloqui CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>OSCAR OLLOQUI,<br><br>Defendant and Appellant. | B310874<br><br>(Los Angeles County<br>Super. Ct. No. BA314454-04) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Hanasono.  Reversed and remanded.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Oscar Olloqui appeals the trial court's order denying his petition made pursuant to Penal Code section 1170.95,[1] which permits a person convicted under a felony murder theory of liability to petition to have his murder conviction vacated and be resentenced if the petitioner "is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

The issues on appeal are (1) whether the jury's felony-murder special circumstance finding (§ 190.2, subd. (a)(17)), made before our Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) precludes Olloqui from making a prima facie showing of eligibility under section 1170.95, or alternatively, (2) whether this court may independently review the record to determine whether substantial evidence supports the jury's special circumstance finding.

We agree with Olloqui that the special circumstance finding does not render him ineligible for resentencing, and that this court may not independently review the special circumstance finding to determine his eligibility for relief under section 1170.95. In *Banks* and *Clark*, our Supreme Court construed the meanings of the terms "major participant" and "reckless indifference to human life" more narrowly than courts had previously, and the jury's special circumstance finding here was not made in accordance with this narrow construction. Further,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the question whether Olloqui committed murder as currently defined in the Penal Code involves factual determinations that must be made in the first instance by the trial court, pursuant to the procedures set forth in section 1170.95.  We reverse the trial court's order denying Olloqui's petition and remand the matter for further proceedings consistent with this opinion.

## DISCUSSION

Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and] [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019.  (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A).)  "Where the petition complies with subdivision (b)'s three requirements, . . . the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief.  (§ 1170.95, subd. (c).)  [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and

then must hold a hearing . . . . At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*People v. Lewis* (2021)11 Cal.5th 952, 960 (*Lewis*).)[2]

In this case, Olloqui was convicted by jury verdict of first degree murder and other crimes in 2011, in connection with a killing that occurred during commission of a burglary and robbery.[3] In 2019, Olloqui filed a facially sufficient section 1170.95 petition, and the trial court appointed counsel and considered briefing. The trial court denied Olloqui's petition in a written order, finding that Olloqui was precluded from relief as a matter of law by the jury's pre-*Banks* and *Clark* special circumstance finding.

It is undisputed that Olloqui was prosecuted under a felony murder theory of liability. The victim was shot to death during the commission of a burglary and robbery, and the jury did not make a finding that Olloqui personally used a firearm. Olloqui is thus eligible to seek vacatur of his murder conviction at a hearing as provided in section 1170.95, subdivision (d)(3), unless the record establishes as a matter of law that he was a major

---

[2] On October 5, 2021, the governor signed Senate Bill No. 775, which amended section 1170.95 effective January 1, 2022. The amendments do not affect the analysis necessary to resolve the instant appeal.

[3] We omit the factual details of the crimes, as they are not relevant to our decision. In 2014, another panel of this division issued a decision on direct appeal that, in relevant part, affirmed the murder conviction at issue in Olloqui's instant petition. (*People v. Olloqui* (Jul 7, 2014, B248998) [nonpub. opn.].)

participant in the underlying felony who acted with reckless indifference to human life.  (§§ 1170.95, subd. (a)(3) and 189, subd. (e)(3).)

The People argue that the true finding on the robbery/murder special circumstance made by the jury in 2011 precludes Olloqui from eligibility because, in so finding, the jury necessarily found that Olloqui was a major participant in the underlying felony who acted with reckless indifference to human life, as section 190.2, subdivision (d) requires.  Olloqui argues that, because the jury's special circumstance finding was made several years before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, which redefined the terms "major participant" and "reckless indifference to human life," the special circumstance finding cannot preclude relief under section 1170.95.

The Courts of Appeal are in disagreement regarding whether a felony murder special circumstance precludes eligibility under section 1170.95, and the issue is currently pending before the Supreme Court.  (*People v. Strong*, review granted March 10, 2021, S266606.)  In the absence of a decision by the Supreme Court, we reject the People's argument that the jury's pre-*Banks* and *Clark* special circumstance finding precludes eligibility for resentencing under section 1170.95.  We have explained that "[i]n their wording, the requirements for a special circumstance finding are . . . identical to the requirements for felony murder, as it is currently defined.  However, in [*Banks* and *Clark*], our Supreme Court 'construed the meanings of "major participant" and "reckless indifference to human life" "in a significantly different, and narrower manner than courts had previously."  ([*People v. ]Torres* [(2020) ]46 Cal.App.5th [1168,]

5

1179 [abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952].)' ([*People v.*] *Smith*[ (2020)] 49 Cal.App.5th [85,] 93 [abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952].) Where a special circumstance finding was made before *Banks* and *Clark*, the terms 'major participant' and 'reckless indifference' underlying that finding have significantly different meanings than these terms have for purposes of convicting a defendant of murder pursuant to section 189, subdivision (e)(3), as amended by Senate Bill 1437. As a consequence, a pre-*Banks* and *Clark* special circumstance finding cannot preclude eligibility for relief under . . . section 1170.95[, subdivision (c),] . . . because the factual issues that the jury was asked to resolve in a trial that occurred before *Banks* and *Clark* were decided are not the same factual issues our Supreme Court has since identified as controlling." (*People v. York* (2020) 54 Cal.App.5th 250, 258, fn. omitted (*York*), abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952.) The People offer no persuasive reason for us to abandon our prior holdings.

We also reject the People's alternative argument: that this court may affirm the trial court's summary denial of the section 1170.95 petition by independently reviewing the record to determine whether substantial evidence supports the jury's special circumstance finding. The People note that such a review presents a purely legal question. (See *In re Miller* (2017) 14 Cal.App.5th 960, 980 [sufficiency of the evidence supporting a jury's special circumstance finding "is not a 'routine' claim of insufficient evidence" and "does not require resolution of disputed facts; the facts are a given, they are just legally insufficient under section 190.2 as elucidated in *Banks* and *Clark*"].) But section 1170.95 does not contemplate evaluation of special circumstance

findings; it concerns murder convictions. (See *York, supra,* 54 Cal.App.5th at p. 260; *People v. Harris* (2021) 60 Cal.App.5th 939, 956–957, review granted Apr. 28, 2021, S267802, abrogated on another ground in *Lewis, supra,* 11 Cal.5th 952.) As our Supreme Court recently emphasized, "the prima facie inquiry under subdivision (c) is limited . . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' ([*People v.* ]*Drayton*[ (2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1)).)" (*Lewis, supra,* at p. 971.) Nothing in the language of section 1170.95 indicates that the Legislature intended that a legal analysis of the sufficiency of a special circumstance be conducted as part of this preliminary assessment, or as part of our appellate review. Although the Supreme Court has not addressed this issue, its recent precedent supports our conclusion that the inquiry consists of a straightforward consultation of the record of conviction that does not include ancillary legal analysis.

Here, it cannot be determined from the record of conviction that Olloqui is ineligible for relief without evaluating the facts; he has therefore made a prima facie showing of entitlement. The trial court must issue an order to show cause and hold a hearing, at which it may evaluate new and/or additional evidence offered by the parties as well as record facts. (§ 1170.95, subds. (c) & (d).)

## DISPOSITION

We reverse the trial court's order denying Olloqui's section 1170.95 petition and remand for the court to issue an order to show cause and hold a hearing in conformance with this opinion.

MOOR, J.

We concur:

RUBIN, P. J.

KIM, J.